```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   03-CR-25(JMR/FLN)
                    06-CV-4867(JMR)
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lesia Ann Jackson | ) | |

Petitioner, Lesia Ann Jackson, seeks relief pursuant to 28 U.S.C. § 2255. Her petition is denied.

## I. Background

On July 23, 2003, petitioner pleaded guilty to one count of aiding and abetting attempted bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). She was sentenced on May 18, 2004. At the sentencing hearing, her attorney sought a downward departure based on multiple grounds, including an overstated criminal history under United States Sentencing Guideline § 4A1.3.

Petitioner's attorney argued that the criminal history of IV was overstated in the presentence investigation report ("PSR"), because she fell into that category by only a single point. Her lawyer claimed she more properly fell into category III, which more accurately matched her record. The argument was supported by pointing out petitioner's very short prior incarcerations, citing Eighth Circuit precedents which considered the length of time served as an appropriate factor warranting a § 4A1.3 departure.

This Court, thereafter, agreed to consider petitioner's prior sentences when calculating her criminal history. Having done so,

the Court maintained its decision declining to find her criminal history overstated, and again placed her in category IV. Coupled with her offense level of 22, this rendered a presumptive guideline sentence of 63 to 78 months. She was thereafter sentenced to 66 months imprisonment.

Petitioner filed a timely appeal to the Eighth Circuit Court of Appeals, which affirmed the sentence. <u>United States v. Jackson</u>, 419 F.3d 839 (8th Cir. 2005). Petitioner's application for a writ of certiorari to the United States Supreme Court was denied on December 12, 2005. <u>Jackson v. United States</u>, 546 U.S. 1081 (2005).

Ms. Jackson's § 2255 petition claims she received ineffective assistance of counsel, because her attorney failed to adequately challenge the Court's refusal to grant the § 4A1.3 departure. According to petitioner, her counsel should have presented the Court with certain papers to show the factual circumstances of her prior convictions. (<u>See</u> Petitioner's Memo at 2-3.) She offers Hennepin County Criminal Case Histories in support of this argument. Finally, petitioner claims her counsel was ineffective for not raising the § 4A1.3 departure issue on appeal.

II.   <u>Discussion</u>

The Court considers claims of ineffective assistance of counsel under the two-part test announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Petitioner must show: (1) "that counsel's representation fell below an objective standard of

reasonableness," id. at 688; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

    a.  <u>Counsel's Representation was Effective</u>

In order to show counsel's performance was deficient, a petitioner must specify acts or omissions by counsel which were not the "result of reasonable professional judgment." Id. at 690. The cited errors must have been so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In making this review, a court must be highly deferential, as there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. And this is the flaw in petitioner's argument.

The Court recalls, and the record shows, that rather than failing to present these issues, petitioner's counsel made numerous, aggressive arguments on her behalf, offering no fewer than three separate grounds for a downward departure, including the overstated criminal history category under § 4A1.3. She zealously presented her arguments in court, citing paragraphs in the PSR and supporting case law. There was no aspect of this advocacy which can seriously be argued to be ineffective.

3

    b.   <u>Petitioner was not Prejudiced by any Purported Errors</u>

Even assuming her counsel performed unreasonably - an assumption which is unsupported in this case - petitioner cannot possibly show any prejudice, the essential second prong of the <u>Strickland</u> test. <u>See</u> <u>id.</u> at 687. To show prejudice, petitioner must show a reasonable probability that the results of the proceedings would have been different but for counsel's errors. <u>Id.</u> at 694; <u>El-Tabech v. Hopkins</u>, 997 F.2d 386, 389 (8th Cir. 1993). Here again, petitioner fails.

The documents she claims her counsel should have presented offer nothing the Court did not already know prior to sentencing. The PSR contained a detailed account of petitioner's criminal history, including the lengths of each prior sentence and actual time served. (PSR ¶¶ 35-38.) Petitioner's Hennepin County documents offer no mitigating factors for Court consideration. Even if petitioner's counsel would have submitted these papers, the Court's criminal history calculation would have been undisturbed, and the recalculation would have been denied.

    c.   <u>Petitioner's Counsel was not Ineffective on Appeal</u>

Petitioner is unable to show ineffective assistance for any failure to raise the § 4A1.3 departure issue on appeal. "The discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart." <u>United States v. Andreano</u>, 417 F.3d 967, 970 (8th Cir.

2005). Here, the Court was well-aware of its authority to depart; it simply declined to do so. An ineffective assistance of counsel claim cannot be based on a failure to raise losing arguments; thus, petitioner's claim fails. See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). The Court finds petitioner has failed to raise any issue which is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 54] is denied.

2. No Certificate of Appealability will be issued in this case.

Dated: August 30, 2007

                                            s/James M. Rosenbaum
                                            JAMES M. ROSENBAUM
                                            United States Chief District Judge